IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NORMAN H. ROWE, | |
| Plaintiff, | ORDER |
| | AND |
| vs. | MEMORANDUM DECISION |
| ALBERTSON'S, INC., | Case No. 2:01-CV-78 TC |
| Defendant. | |

This case is before the court following the remand from the Tenth Circuit Court of Appeals. (See Oct. 7, 2004 Order & Judgment from the Tenth Circuit Court of Appeals (Docket No. 138).) The Tenth Circuit very clearly instructed the question that must be decided: "[W]e remand for the <u>limited</u> purpose of allowing the district court to review relevant evidence, hear cogent argument and determine whether a spoliation presumption applies to the recycled videotape." Rowe v. Albertson's, Inc., 116 Fed. Appx. 171, 2004 WL 2252064 at **4 (10th Cir. Oct. 7, 2004) (emphasis added) (hereinafter "Rowe").[1] For the following reasons, the court

---

[1] "After *de novo* review of the arguments and record, we agree with the magistrate's conclusion, adopted by the district court, that Rowe failed to present any evidence Albertsons had either actual or constructive knowledge of the dangerous condition on its premises or failed to exercise reasonable care to mitigate or eliminate the risk. However, because the record indicates that one reason for Rowe's failures may have been the unavailability of a videotape showing the condition of the floor around the time of the accident, we must remand for a hearing and further findings." Rowe v. Albertson's, Inc., 2004 WL 2252064 at **2.

concludes that a spoliation presumption does not apply.[2]

### Spoliation of Evidence Presumption

"The doctrine of spoliation refers to the improper intentional destruction of evidence relevant to a case." Rowe at **2 (citing Texas law, which applies in this case). According to Texas law:

> Presumptions arise from the nonproduction of evidence under two circumstances: (1) the deliberate spoliation of <u>relevant</u> evidence, which may be rebutted by showing that the evidence in question was <u>not destroyed with fraudulent intent or purpose</u>; and (2) the failure of a party to produce relevant evidence or offer testimony to explain its non-production.

In re T.L.K., 90 S.W.3d 833, 836 (Tex. App. 2002) (emphasis added), quoted in Rowe at **2. Here, Mr. Rowe has the burden of proving that the tape was relevant and that Albertson's "had notice both of the potential claim and of the evidence's potential relevance." Wal-Mart Stores, Inc. v. Johnson, 106 S.W.3d 718, 722 (Tex. 2003), quoted in Rowe at **2. If Mr. Rowe establishes those two factors, then Albertson's must show that its destruction of the tape was not done with fraudulent intent or purpose. See Rowe at **4.

One of the issues is whether Albertson's reasonably could have anticipated that Mr. Rowe would bring litigation. The test for determining whether litigation may reasonably be anticipated is an objective one. Wal-Mart Stores, 106 S.W.3d at 722. The relevant evidence on this question is: (1) Mr. Rowe told Ms. Heather Enloe, the night manager on duty the evening Mr. Rowe fell, that he was keeping the shoes he was wearing at the time of the fall for evidence (see

---

[2]The Tenth Circuit opinion provides a thorough review of the underlying facts. Accordingly, the court will discuss only those facts that are necessary to explain this decision.

Letter of Heather Enloe at 2, attached as Ex. B to Def.'s Mem. in Supp. of Mot. for Summ. J.); (2) Ms. Enloe also reported that Mr. Rowe told her he would retain counsel (see id.);[3] and (3) Ms. Enloe stated that she believed, as of May 24, 2000, that "there was going to be a dispute with Albertsons." See Rowe at **3 (citing to appellate record).

In support of its contention that it could not reasonably have anticipated that Mr. Rowe would file a lawsuit, Albertson's relies primarily on the medical evidence in the record that indicates that at the time it destroyed the videotape (approximately sixty days after Mr. Rowe fell), it appeared that Mr. Rowe's injuries were minor.

The first physician who examined Mr. Rowe, Dr. Russell Brofer, concluded that Mr. Rowe had sustained a contusion of the knee, an abrasion on his calf and an umbilical hernia. (See Dr. Brofer's Records, attached as Ex. C to Def.'s Mem. in Supp. of Mot. for Summ. J.; Dep. of Dr. Russell Brofer at 12-15, attached as Ex. D to Def.'s Mem. in Supp. of Mot. for Summ. J.) Dr. Brofer, when discussing Mr. Rowe's injuries with Mr. Rowe, believes that he "conveyed the message to [Mr. Rowe] that this was nothing to get concerned about." (Brofer Dep. at 32, attached as Ex. B to Def.'s Reply Mem.)

Some six weeks later, Dr. Barry Robb examined Mr. Rowe and concluded that Mr. Rowe should have surgery, at some unspecified point, to have the umbilical hernia repaired. (Dep. of Dr. Barry Robb at 8-9, attached as Ex. C to Def.'s Mem. in Supp. of Mot. for Summ. J.) Dr. Robb did not find that any of Mr. Rowe's injuries were "life-threatening." (Id.)

---

[3]The Tenth Circuit specifically declined to hold that the "not-uncommon threat 'you will hear from my lawyer'" was in and of itself sufficient to give notice to Albertson's of a potential lawsuit. Rowe v. Albertson's, Inc., 2004 WL 2252064 at **4 n.3.

Although it is a close question, based on the above (primarily Ms. Enloe's statement that there was going to be a dispute), the court concludes that Mr. Rowe has shown that Albertson's reasonably could have anticipated litigation.

But this conclusion does not end the inquiry. Another question is whether what was shown on the videotape was relevant. The court concludes that it was not. The deposition testimony of Ms. Enloe is clear: "There was nothing on the videotape that I saw. The only thing that I saw with him in it was him at the endcap and me coming—walking up to him. That's the only thing, and it just came back around to where I was getting information." (Dep. of Heather Enloe at 34-35, attached as Ex. H to Def.'s Mem. in Supp. of Mot. for Summ. J.)

Moreover, Mr. Rowe testified during his deposition that he did not see the colorless liquid before he slipped and fell. (See Dep. of Norman Rowe at 113, attached as Ex. F to Def.'s Reply Mem.) If Mr. Rowe could not see the colorless liquid at that distance, there is no reason to expect that a security surveillance video much farther away would reveal any colorless liquid on the floor.

The testimony of the store director, Bill Miller, supports Ms. Enloe's testimony. Mr. Miller testified that, "If we reviewed the tape and the incident [Mr. Rowe's fall] was on the tape, we would have preserved it." (Dep. of Bill Miller at 49-50, attached as Ex. I to Def.'s Mem. in Supp. of Mot. for Summ. J.) But Albertson's did not preserve the videotape, thereby leading to the unrebutted conclusion that it did not show Mr. Rowe's fall or the colorless liquid.[4]

---

[4] Mr. Rowe presented much argument questioning the credibility of Albertson's witnesses in general. In the context of a motion for summary judgment, the court is not allowed to judge the credibility of witnesses. See, e.g., Jacklovich v. Simmons, 392 F.3d 420, 428 (10th Cir. 2004) ("On summary judgment, . . . [the court] may not resolve credibility disputes.").

Based on the above, the court concludes that the evidence on the videotape was not relevant to Mr. Rowe's claims against Albertson's. "[I]f the nonproducing party testifies as to the substance or content of the missing evidence, an opposing party is not entitled to the presumption." Brumfield v. Exxon Corp., 63 S.W.3d 912, 920 (Tex. App. 2002).

Moreover, there is simply no relevant, admissible evidence[5] that would indicate that Albertson's acted with fraudulent intent or purpose. At the time Albertson's recycled the videotape (a routine practice), it had no notice that Mr. Rowe had suffered anything but minor injuries as a result of a minor fall. Neither Ms. Enloe nor Mr. Miller saw any relevant evidence on the videotape.[6] Therefore, the decision of Albertson's to recycle the tape was made only as part of Albertson's routine practice and with no intent to impede or hamper a possible lawsuit.

Because Mr. Rowe is not entitled to a spoliation presumption, Albertson's' motion for summary judgment, as previously entered by this court, is GRANTED.

IT IS SO ORDERED this ____ day of May, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[5] Other arguments and exhibits Mr. Rowe introduced at the hearing are not relevant to the limited issue facing the court on remand.

[6] Mr. Rowe points to a statement in the Tenth Circuit Court of Appeals decision to support his position. Specifically, he quotes the following language: "There is no evidence Miller and Enloe were in any way especially equipped to recognize relevant evidence." Rowe v. Albertson's, Inc., 2004 WL 2252064 at **4 n.4. This does not support Mr. Rowe's position. Rather, it supports Albertson's position that it did not destroy the video tape in bad faith.